**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114590

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Paola Velez, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Cavalry Portfolio Services, LLC, <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Paola Velez, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Cavalry Portfolio Services, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Paola Velez is an individual who is a citizen of the State of Missouri residing in Saint charles County, Missouri.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Cavalry Portfolio Services, LLC, is a New York Limited Liability Company with a principal place of business in Westchester County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated June 19, 2017. (**Exhibit 1.**")

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

17. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

18. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

19. 23 N.Y.C.R.R. § 1.2 requires that within 5 days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

debt, provide the consumer clear and conspicuous written notification of, *inter alia*, the following:

> **If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:**
>
> **1. Supplemental social security income, (SSI);**
>
> **2. Social Security;**
>
> **3. Public assistance (welfare);**
>
> **4. Spousal support, maintenance (alimony) or child support;**
>
> **5. Unemployment benefits;**
>
> **6. Disability benefits;**
>
> **7. Workers' compensation benefits;**
>
> **8. Public or private pensions;**
>
> **9. Veterans' benefits;**
>
> **10. Federal student loans, federal student grants, and federal work study funds; and**
>
> **11. Ninety percent of your wages or salary earned in the last sixty days.**

20. The Letter states, "If you act within 30 days to resolve your account, your account will not be placed with a collection law firm . . . [i]f your account is placed with a collection law firm, an attorney will review your account and make the final decision as to whether a lawsuit should be filed.

21. The Letter further states, "If a lawsuit is filed, the law firm will ask the court to enter a judgment against you for the full amount you owe. You will have the opportunity to defend yourself after the lawsuit is filed. If a judgment is entered, the law firm will be authorized to take further action to satisfy the balance owed on the judgment."

22. The Letter strongly suggests to the least sophisticated consumer that if the debt is not satisfied, she will be sued.

23. The least sophisticated consumer, upon reading the above-transcribed statements, would likely believe that if she is sued and if a judgment is entered, then any source of income would be subject to seizure or garnishment for the purposes of satisfying the judgment.

24. The least sophisticated consumer, based on the contents of the Letter, would **not** know that in the event of a judgment, there are numerous types of income, such as those delineated in 23 N.Y.C.R.R. § 1.2 and transcribed above, that Defendant would not be legally permitted to take for the purposes of satisfying the judgment.

25. Defendant's omissions concerning the limits and exemptions to the types of income Defendant would be lawfully entitled to collect in order to satisfy a judgment would likely mislead the least sophisticated consumer into believing that in the event of a judgment, Defendant would be lawfully entitled to seize and/or garnish any and all types of income.

26. Given the Letter's warnings that the consumer may be sued and that if a judgment is entered, the law firm will be authorized to law firm will be authorized to take further action to satisfy the balance owed on the judgment, the types of income that are exempt from being taken for such purposes is a material piece of information to the least sophisticated consumer.

27. The least sophisticated consumer, holding the mistaken impression that in the event of a judgment, Defendant would be lawfully entitled to seize and/or garnish any and all types of income, would likely be deceived into remitting payment when she otherwise would not to do.

28. A collection letter violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate interpretation by the least sophisticated consumer as to any material piece of information.

29. The least sophisticated consumer would likely reasonably but inaccurately interpret the Letter to mean that if she is sued, and a judgment rendered against her, Defendant would be lawfully entitled to take any and all types of income for the purposes of satisfying the judgment.

30. The Letter, because of the aforementioned failures, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

## CLASS ALLEGATIONS

31. Plaintiff brings this action individually and as a class action on behalf of all

4

persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter containing language substantially similar to that set forth in Paragraphs 21 and 22, *supra*, but omits information concerning the limits and exemptions to the types of income Defendant would be lawfully entitled to collect in order to satisfy a judgment, from one year before the date of this Complaint to the present.

32. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

33. Defendant regularly engages in debt collection.

34. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts Paragraphs 21 and 22, *supra*, but omits information concerning the limits and exemptions to the types of income Defendant would be lawfully entitled to collect in order to satisfy a judgment.

35. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

37. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

38. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: June 18, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114590

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530